UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAVIS HERMIZ,

        Plaintiff,                                                    Case Number 16-11214

v.                                                                    Honorable David M. Lawson

DAVID BUDZYNOWSKI,
JIM WERN, KYLE KNAUSS
and KRISTEN ROBINSON,

        Defendants.
_____/

**ORDER DENYING MOTION FOR LEAVE TO FILE UNDER SEAL,
DENYING MOTION TO STRIKE EXHIBITS, AND
GRANTING LEAVE TO SUBMIT UNSEALED FILINGS**

This matter is before the Court on the plaintiff's motion for leave to file under seal, or, in the alternative, for leave to submit unsealed filings, of copies of certain policies and procedures regarding the use of force and deployment of Taser devices by officers of the City of Royal Oak Police Department. The defendants also have filed a motion to strike the plaintiff's motion to seal, which included as exhibits unredacted and unsealed copies of the policy documents. The Court has reviewed the parties' motions and finds that they have failed to articulate any sufficient factual basis or legal authority to support the closure of the Court's records that they seek, and the motion therefore must be denied. Accordingly, the Court also will permit the unrestricted filing of the policy documents as exhibits in support of the plaintiff's response brief in opposition to the defendants' motion for summary judgment.

The principal basis of the parties' request for leave to file under seal is the defendant's contention that unsealed filings would violate the terms of a protective order entered by the Court that governed the exchange of documents during the discovery phase of this case. That order stated

that "Counsel for the parties are allowed to make use of documents covered by this order in connection with motions filed with the Court, but no such documents may be included with any pleading or other paper filed by the parties in this case, unless the filing party first seeks leave to file the covered documents under seal, in accordance with section 7 of this order." Prot. Order [dkt. #37] at 2. But the plain terms of that order neither mandated, nor permitted, the filing of any documents under seal in this case. *Ibid.* ("This order does not authorize the filing of any documents under seal."). Nor does the order prohibit the filing of any documents if leave to file under seal is declined; the order merely requires any party that intends to file information marked as "confidential" to submit a motion seeking leave to file the papers under seal. The plaintiff here has done so, and he therefore fully has complied with the terms of the protective order. The filing of his motion to seal and his opposition brief, and the exhibits in support of them, under seal or otherwise, does not in any way contravene any order of this Court.

Moreover, neither party has pointed to any good reason why the policy documents in question ought to be withheld from public view. Parties desiring to file court papers under seal face a formidable task in overcoming the presumption that court filings are open to public inspection. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). The parties' designation of certain documents as "confidential" under a protective order does not satisfy that burden, and in many ways is beside the point. "[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "'Secrecy is fine at the discovery stage, before the material enters the judicial record.'" *Ibid.* (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544,

545 (7th Cir. 2002)). "Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]'" *Ibid.* (quoting Fed. R. Civ. P. 26(c)(1)). "'At the adjudication stage, however, very different considerations apply.'" *Ibid.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Ibid.* (citing *Baxter*, 297 F.3d at 545). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Ibid.* (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). "[T]he public is entitled to assess for itself the merits of judicial decisions," and, thus, "'[t]he public has an interest in ascertaining what evidence and records the District Court [has] relied upon in reaching [its] decisions.'" *Ibid.* (quoting *Brown*, 710 F.2d at 1181).

"The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group*, 825 F.3d at 305 (citing *Brown*, 710 F.2d at 1179; *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *Knoxville News*, 723 F.2d at 476). And, "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Ibid.* (citing *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (quoting *Baxter*, 297 F.3d at 548). The "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify

nondisclosure to the public' . . . even if neither party objects to the motion to seal." *Id.* at 306 (quoting *Brown*, 710 F.2d at 1176). This latter obligation begins, however, with the parties, who must furnish those good reasons to the Court when making their sealing request. In this case, the plaintiff has offered nothing in the way of justification for the sealing, and evidently filed his motion only to fulfill *pro forma* the obligation to do so that was imposed under the protective order.

The defendants argue, without elaboration, that disclosing the content of the police department policies on use of force and deployment of Taser devices would "compromise the operations of the Royal Oak Police Department." But they do not explain how, exactly, disclosing the policies at issue here would "compromise" any police activity. The policies do not concern police investigative techniques, they do not disclose information about any ongoing investigations, and they do not include any personally identifiable information of any police personnel. Just because a party may want to keep its information secret, it does not follow that there is any good reason, or any substantial legal authority, for doing so. The defendants cite several cases for the proposition that police department policies should be subject to carefully drawn protective orders during the discovery process. But none of those cases involved attempts by any party to file under seal police department policies governing the use of force, in a case where the principal issue is whether the defendant officers used unconstitutionally excessive force against the plaintiff.

The defendants also point to the State of Michigan's Freedom of Information Act, which exempts the policies at issue — among several other types of police records — from compelled disclosure in response to a public records request. *See* Mich. Comp. Laws § 15.243(1)(s)(v)-(vi) ("Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, [a public body may exempt from disclosure as a public record under this act any]

public records of a law enforcement agency, the release of which would . . . (v) Disclose operational instructions for law enforcement officers or agents [or] (vi) Reveal the contents of staff manuals provided for law enforcement officers or agents."). Those statutory exemptions from disclosure are inapposite for several reasons: (1) withholding is at the discretion of the responding agency, and the statute does not mandate that any policy documents must be withheld, *see* Mich. Comp. Laws § 15.243(1) ("A public body *may exempt* from disclosure as a public record under this act any of the following."); (2) the statute expressly *permits* disclosure where "the public interest in disclosure outweighs the public interest in nondisclosure"; and (3) in any event, the statute does not either authorize or mandate the filing of any papers under seal in any judicial proceeding — it merely provides certain exemptions that state entities may invoke when responding to requests for records from the general public that are made under the Act, *see* Mich. Comp. Laws § 15.233(1) ("Except as expressly provided in section [Mich. Comp. Laws § 15.243], upon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body.").

   The defendants here have offered nothing in the way of specific facts or legal authority to explain "why the interests in favor of closure [are] compelling, or why those interests outweigh[] the public interest in access to court records." *Shane Group*, 825 F.3d at 307. The defendants' vaguely phrased fears of "compromising police operations" are inadequate to justify sealing because "proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" *Ibid.* (quoting *Cendant*, 260 F.3d at 194). "'In delineating the injury to be

prevented, specificity is essential,'" but, just as in *Shane*, the defendants here "offer[] only platitudes" in their perfunctory briefing in support of the motion to seal. *Id.* at 307-08.

The Court finds, by contrast, that the public interest in disclosure of the policy materials in this case is substantial. The defendants correctly point out that police policy statements do not define the constitutional standard by which their use of force must be judged. However, if the policy documents in question articulate directions for the deployment of force that are consistent with the pertinent constitutional standard, and if the defendants were made aware of the policies or received training based on them, then they may have a much harder time arguing that reasonable officers in their position would not have been aware of particular constitutional boundaries on their use of force against the plaintiff. Therefore, even though the materials may not be directly dispositive of the question whether the use of force was reasonable, they may be informative for the Court or the jury on the issue of whether the defendants are entitled to qualified immunity. The public certainly has a compelling interest in full access to information about the basis of that determination, whenever and however it is made, either at the summary judgment stage of the case or at trial.

The defendants have not articulated any factual basis or legal authority to establish any tangible or serious harm that they would suffer from disclosure of the department use-of-force policies at issue here, or to explain why their interest in concealing information filed in the records of this Court outweighs the compelling public interest in full disclosure of these proceedings. *See Shane Group*, 825 F.2d at 306 ("The parties' asserted bases for sealing off all this information were brief, perfunctory, and patently inadequate."). The Sixth Circuit sternly and repeatedly has warned the district courts of this circuit, in *Shane* and in other recent cases, that summarily granting motions to seal without articulating specific reasons rooted in the facts and circumstances of the case to show

why sealing is necessary is not a procedure that comports with the presumption of full disclosure in the judicial process. *United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) ("'The interest [justifying nondisclosure] is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" (quoting *Press-Enterprise*, 464 U.S. at 510)). The Court is unable to articulate any adequately reasoned finding that the defendants' policy documents should be protected from public view where they have failed to suggest any substantial basis for such a ruling.

The parties have failed to carry, or even to hoist, the heavy burden that they must shoulder in order to justify closure of the records of this Court from public view, and their motions to seal and to strike materials from the public record of the proceedings therefore must be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion to seal [dkt. #69] is **DENIED**.

It is further **ORDERED** that the defendants' motion to strike [dkt. #78] is **DENIED**.

It is further **ORDERED** that the unrestricted filing of the City of Royal Oak Police Department use-of-force policy documents as exhibits in support of the plaintiff's response in opposition to the defendant's motion for summary judgment is **ALLOWED**, and those documents **SHALL NOT** be filed under seal.

                                                    s/David M. Lawson
                                                    DAVID M. LAWSON
                                                    United States District Judge

Dated: April 5, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2017.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI