UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRAVIS HERMIZ, | Case No. 16-11214 |
| Plaintiff, | David M. Lawson |
| v. | United States District Judge |
| CORRIGAN O'DONOHUE, WACKENHUT SECURITY JOHN DOE 1, WACKENHUT SECURITY JOHN DOE 2, DAVID BUDZYNOWSKI, JIM WERN, KYLE KNAUSS and KRISTIN ROBINSON, | Stephanie Dawkins Davis United States Magistrate Judge |
| Defendants. | |

**ORDER GRANTING MOTION FOR RECONSIDERATION (Dkt. 84) AND REPORT AND RECOMMENDATION REGARDING SECOND MOTION FOR NON-PARTY RUB BBQ PUB TO SHOW CAUSE WHY IT SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA (Dkt. 51)**

A.  Procedural History

On January 9, 2017, defendants filed their Second Motion for Non-Party Rub BBQ Pub to Show Cause Why it Should not be Held in Contempt for Failure to Comply with a Subpoena. (Dkt. 51). The subpoena at issue was addressed to the Keeper of Records for Rub BBQ Pub and was served via certified mail. (Dkt. 51-5).[1] The motion was served on Rub BBQ Pub via regular mail. (Dkt. 51, Pg

---

[1] It is not clear that the subpoena at issue was served properly under Rule 45, which requires personal service. *See OceanFirst Bank v. Hartford Fire Insurance Company*, 794 F.Supp.2d 752 (E.D. Mich. 2011). Here, however, Randy Yono, the owner of Rub BBQ Pub,

1

ID 1017). District Judge David M. Lawson referred this matter to the undersigned for hearing and determination, pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 52). The Court issued a scheduling order, requiring non-party Rub BBQ Rub to file a response by February 27, 2017. (Dkt. 56). The Court directed defendants to serve Rub BBQ Pub with a copy of the scheduling order and to file a certificate of service with the Court. (Dkt. 56, Pg ID 1066). In that scheduling order, the Court stated that failure to file a response to the motion could result in sanctions, including granting all or part of the relief requested by the moving party. (Dkt. 56, Pg ID 1067). On February 17, 2017, counsel for defendants filed a certificate of service indicating that the scheduling order had been served on Rub BBQ Pub by regular mail and electronic mail. (Dkt. 62). Non-party Rub BBQ Pub has not filed a response to the motion or otherwise contacted the Court.

On April 26, 2017, the Court issued an order denying plaintiff's motion for contempt based on counsel's failure to comply with concurrence requirements set forth in Local Rule 7.1. (Dkt. 83). More specifically, the Court pointed out that plaintiff's counsel had sought concurrence from defendant's counsel, but had offered no evidence suggesting that any concurrence had been sought from the non-party's representatives, as required by Local Rule 7.1. *Id*. In their motion for

---

agreed to provide the documents after receiving the subpoena via certified mail and thus, does not appear to object to the manner of service.

reconsideration, defendants now offer significant and extensive evidence <u>not previously submitted</u> to the Court, in support of their motion for an order to show cause. (Dkt. 84).

For the reasons set forth below, the Court **GRANTS** defendants' motion for reconsideration and **RECOMMENDS** that the Court find Rub BBQ Pub in contempt for failure to comply with the subpoena at issue, after having agreed to produce the responsive documents.

B. <u>Order on Motion for Reconsideration (Dkt. 84)</u>

As explained in *Encana Oil & Gas v. Zaremba Family Farms, Inc.*, 2016 WL 7543187, *2 (W.D. Mich. 2016), parties aggrieved by an order that is not final and appealable may file a motion for reconsideration. Indeed, the *Encana* decision points to Sixth Circuit authority holding that "'[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment.'" *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (citing *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47-48 (1943))). A party seeking reconsideration of an interlocutory order must show (1) an intervening change in the controlling law, (2) new evidence previously not available, or (3) a need to correct error to prevent manifest injustice. *Encana*, at *2 (citing *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com*, *L.P.*, 590 F.3d 381, 389 (6th

Cir. 2009) (citing *Rodriguez v. Tennessee Laborers Health &Welfare Fund*, 89 Fed.Appx. 949, 959 (6th Cir. 2004)). The decision to grant or deny a motion for reconsideration of an interlocutory order falls within the discretion of the district court. *Rodriguez*, 89 Fed.Appx. at 952 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

And, as observed in *Diebel v. L&H Resources*, 2010 WL 2740081, *1 (E.D. Mich. 2010), the requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. Local Rule 7.1(h)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F.Supp.2d 682, 684 (E.D. Mich. 2004).

Defendants have not shown a "palpable defect" in this case. Rather, defendants bring forth new evidence in support of their motion for an order to show cause, which was not presented to the Court earlier. Defendants have not

4

suggested that such evidence was previously unavailable; as such, the Court could, in the exercise of its discretion, decline to consider the newly presented evidence. *See e.g.*, *Henry v. State Farm Fire and Cas. Co.*, 2015 WL 4429686, *3 (E.D. Mich. 2015) ("A motion for reconsideration is directed to errors in the Court's ruling and is not a platform for Plaintiff to present new evidence that could have been, but was not, presented earlier."). Notwithstanding defendants' failure to provide the readily available and pertinent evidence in the first instance, the Court believes the better course of action is to exercise its discretion and consider the newly proffered evidence in order to prevent a manifest injustice. Thus, the motion for reconsideration is **GRANTED** and, as set forth below, the undersigned recommends that the Court issue an order to show cause why non-party Rub BBQ Pub should not be held in contempt.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains

5

in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

    C.    <u>Report and Recommendation on Motion for Order to Show Cause (Dkt. 51)</u>

Except where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead, the Magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the undersigned certifies these facts to Judge Lawson:

    1.    Plaintiff testified that he was employed by Rub BBQ Pub and that Rub BBQ Pub was owned by his uncle, Sam Yono. (Dkt. 51-3, Pg ID 1026).

2. Defense counsel produced evidence that she caused a subpoena for records deposition to be delivered to Rub BBQ Pub via certified mail return receipt. (Dkt. 51-5, Pg ID 1034-1044).

3. The receipt was signed and returned to defense counsel. (Dkt. 51-6, Pg ID 1046-1047).

4. As set forth in defense counsel's affidavit, she received a telephone call from Randy Yono. Mr. Yono explained that he was actually the owner of Rub BBQ Pub and that he had received the records subpoena. (Dkt. 84-5, Pg ID 2035).

5. Email records reveal that Randy Yono emailed defense counsel on January 19, 2017 to say that he was ill but would work on the request that weekend. (Dkt. 84-3, Pg ID 2029).

6. Email records revealed that defense counsel spoke to Randy Yono on Monday (January 30, 2017), after not receiving the records, and was again promised the records that week. (Dkt. 84-2, Pg ID 2026).

7. Email records reveal that on February 3, 2017, defense counsel sent an email to follow-up on the status of the records, and Randy Yono agreed to provide all records related to Travis Hermiz by the end of the day on February 3, 2017. (Dkt. 84-2, Pg ID 2026; Dkt. 84-5, Pg ID 2035).

9. Email records reveal that defense counsel followed-up again on February 6, 2017, because the records still had not arrived. (Dkt. 84-4, Pg ID 2031).

10. Defense counsel then filed the motion for order to show cause because no records were ever received. (Dkt. 51).

11. The motion for order to show cause was served on Rub BBQ Pub via regular mail. (Dkt. 51, Pg ID 1017).

12. On February 10, 2017, the Court issued a scheduling order, requiring nonparty Rub BBQ Rub to file a response by February 27, 2017. (Dkt. 56).

13. The Court directed defendants to serve Rub BBQ Pub with a copy of the scheduling order and to file a certificate of service with the Court. (Dkt. 56, Pg ID 1066).

14. In that scheduling order, the Court stated that failure to file a response to the motion could result in sanctions, including granting all or part of the relief requested by the moving party. (Dkt. 56, Pg ID 1067).

15. On February 17, 2017, defense counsel filed a certificate of service indicating that the scheduling order requiring Rub BBQ Pub to file a response to the motion had been served on Rub BBQ Pub by regular mail and electronic mail. (Dkt. 62).

16. Rub BBQ Pub has not responded to the motion for order to show cause or otherwise contacted the Court regarding this motion.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. *See Faison v. State Farm Fire & Cas. Co.*, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015). Rule 45(g) provides that "[t]he court for the district where compliance [with a subpoena] is required ... may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.R.Civ.P. 45(g). Whether to hold a party in contempt is within the sound discretion of the district court, but it is one that "should not be used lightly." *Elec. Workers Pension Trust Fund of Local Union 58, IBEW, v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id*. at 378 (quoting *NLRB v. Cincinnati Bronze Inc*., 829 F.2d 585, 588 (6th Cir. 1987)). Once the moving party establishes its *prima facie* case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is presently unable to comply with the court's order." *Gary's*

*Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id*. (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

The certified facts outlined above support a finding of civil contempt, as they do not evidence reasonable steps to comply with the subpoena. The record indicates that Randy Yono, the owner of Rub BBQ Pub, received the subpoena for documents; and though not personally served as required by Rule 45, he both acknowledged its receipt and agreed on several occasions to provide the requested documents, thus waiving the personal service requirement. The subpoena was not ambiguous, nor was the Court's scheduling order which expressly directed Rub BBQ Pub to file a response to defendants' motion. Yet, no representative of Rub BBQ Pub has filed an objection, moved to quash the subpoena, or heeded in any manner the Court's order requiring a response to defendants' motion.

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** defendants' Motion for Order to Show Cause as follows:

(1) A representative of subpoenaed non-party Rub BBQ Pub should be ordered to appear before the District Judge David M. Lawson on a date certain to show cause why it should not be held in civil contempt for failing to comply with

defendants' subpoena;

(2) Unless Rub BBQ Pub satisfactorily shows cause as to why it has not fully complied with defendants' subpoena, it should be held in civil contempt of court by the District Judge; and

(3) Rub BBQ Pub should be ordered to purge themselves of the contempt by fully complying with the subpoena.

**Defendants are directed to serve this Order and Report and Recommendation on Rub BBQ Pub and file a certificate of service with the Court**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 1, 2017

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 1, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov